IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **ALI BEHNIA**<br>12217 Scarlet Tanager Drive<br>Potomac, MD 20854<br><br>Plaintiff<br><br>vs.<br><br>**MEHRDAD BEHNIA**<br>30 Dalton Street<br>Unit 2305<br>Boston, MA 02115<br><br>and<br><br>**MASUD BEHNIA**<br>10090 Spartans Hollow Court<br>Great Falls, VA 22066<br><br>Defendants | Civil Action No: _____<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ali Behnia, by and through his attorneys, Paul J. Havenstein and McCarthy Wilson LLP, and files this Complaint against the Defendants, Mehrdad Behnia and Masud Behnia, and hereby states as follows:

**Parties**

1. Plaintiff Ali Behnia ("Plaintiff") is an individual who currently resides at 12217 Scarlet Tanager Drive in Potomac, Maryland 20854.

2. Defendant Masud Behnia ("Defendant Masud") is an individual who currently resides at 10090 Spartans Hollow Court in Great Falls, VA 22066.

3. Defendant Mehrdad Behnia ("Defendant Mehrdad") is an individual who currently resides at 30 Dalton Street, Unit 2305 in Boston, MA 02115.

## Jurisdiction and Venue

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S. Code § 1332 as this litigation is between residents of different States and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this Division as the claims arise out of tortious acts of the Defendants directed at the Plaintiff in Montgomery County, Maryland, and, in part, to the Montgomery County, Maryland community.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff, Dr. Ali Behnia, is a respected and accomplished Endodontist based in Rockville, Maryland.

7. Plaintiff is a well-respected member of his professional and social community.

8. For the past two decades, Plaintiff has served as a faculty member in different capacities at the University of Maryland School of Dentistry.

9. The Governor of Maryland appointed Plaintiff to the Maryland State Board of Dental Examiners, where he served for nine years.

10. On the national level, Plaintiff has served on the Board of Directors and on different committees for the American Association of Endodontists (AAE).

11. Locally, Plaintiff has contributed significantly to the Maryland State Dental Association (MSDA) and other professional organizations.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

2

12. Plaintiff's call to serve his community and honor his father's commitment to education and philanthropy led him to establish the Mohammad Behnia Scholarship Fund at the University of Maryland School of Dentistry.

13. Defendant Mehrdad and Defendant Masud are Plaintiff's brothers (collectively, "Defendants").

14. Plaintiff, Defendants, and others are beneficiaries of the Behnia Family Trust (the "Trust").

15. In 2019, Defendant Masud attempted to extract money from the Trust through fabricated documents, concealed assets, and *quid pro quo* arrangements with Defendant Mehrdad and other co-conspirators.

16. Defendants have a long history of similar misrepresentation and deceit. For example, Defendant Masud has used the aliases of "Masoud" and "Massoud" on different official government and business documentation. Defendant Masud has also used false dates of birth on official government documents and passports. Defendant Masud has been criminally prosecuted in the United States by the Australian government for financial fraud. Defendant Masud also has at least one recent felony conviction in another jurisdiction.

17. Plaintiff, as fiduciary, was obligated to expose falsehoods about Defendant Masud's application to the Trustee and its Trust Protector. It was also discovered that the Defendants had made misappropriations of Trust funds in the past, including improprieties about distributions to Defendant Masud's estranged children and financial connections.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

18. In retaliation against Plaintiff for performing his fiduciary duties, Defendants have engaged in a relentless, multi-year campaign of harassment, intimidation, and defamation directed against Plaintiff and Plaintiff's family.

19. Defendants created a WhatsApp/iMessage/Email group called "RALONA", an acronym for "Rip A Lot Of New Assholes" with members in Virginia, California, and Australia.

20. Defendant Masud, who refers to himself as the "RALONA Captain," and Defendant Mehrdad used RALONA as a forum to incite, organize, and engage in a defamation campaign against Plaintiff and others.

21. Defendant Mehrdad financially and logistically aided and encouraged Defendant Masud in all actions taken to defame Plaintiff's good reputation.

22. On May 22, 2023, Defendant Mehrdad impersonated Plaintiff's physician, falsely claiming to Plaintiff's staff and colleagues that Plaintiff has several mental disorders and was refusing prescribed medication.

23. Defendant Mehrdad falsely claimed that Plaintiff had "sociopathic and paranoid delusions" with symptoms that "are hallmarks of criminals and murderers." Defendant Mehrdad repeatedly misused and misrepresented his credentials as a physician to defame Plaintiff.

24. Defendants have frequently disseminated threatening and defamatory video and audio messages to the public and to Plaintiff's place of business. In one such message on March 25, 2025, Defendant Masud used the alias "Kharkhosdeh," and stated: "Hi this is Kharkosdeh, I would like to make an appointment with Dr. Ali. Please

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

send me an email at kharkosdeh007@gmail.com." In Persian, "Kharkosdeh" crudely can be translated to "one who will mess you up."

25. Defendants' intimidation and interference with Plaintiff's workplace became so overwhelming that Plaintiff was forced to issue a directive to staff on how to approach the situation when the Defendants would contact the office. *See* Exhibit A.

26. On Jan 28, 2025, Defendant Mehrdad sent letters and emails to Paul Cipparone, the Trustee of the Trust, to assert similar false and defamatory claims about Plaintiff's mental condition.

27. On May 15, 2025, representing himself as a "professor of medicine," Defendant Mehrdad sent emails to the legal community in Montgomery County, Maryland claiming that the Plaintiff has "severe bipolar disorder" and refuses to take his "psychiatric medicines." These statements were knowingly false and were damaging to the Plaintiff's reputation within the community where he practices.

28. Upon information and belief, Defendants employed a Russian hacker to attempt to disrupt and hack Plaintiff's professional website and sabotage his dental practice.

29. Defendants have also made knowingly false statements to the public regarding Plaintiff's marriage and family.

30. Defendants openly threatened Plaintiff, stating that "Sooner than later, you will succumb and your marriage and sanity [will] start to crack."

31. Immediately before one Thanksgiving holiday, Defendants started to harass Plaintiff's daughter and his family by messaging them lies about Plaintiff, thereby

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

5

causing stress, tension, and anguish amongst the family. This harassment followed Defendant Masud's prior threat to "come after" Plaintiff's children when they became legal adults at the age of eighteen.

32. Defendant Mehrdad repeatedly publicized false allegations against Plaintiff and his family in an effort to divert attention and conceal his own extramarital affairs from being exposed during his divorce proceedings.

33. Defendant Mehrdad's divorce was initiated by his wife in 2023, not only because of his marital infidelities, but also due to his troublesome association with Defendant Masud.

34. Plaintiff has been forced to expend substantial time, resources, and energy pursuing protective orders, directives, and cease-and-desist demands, all while sacrificing valuable time with his patients and family. *See* Exhibits A, B, and C.

35. For example, Defendants' harassment became so disruptive that the District Court of Maryland for Montgomery County issued a Protective Order in favor of Plaintiff against Defendant Masud on May 21, 2025. *See* Exhibit B. Among other things, the Court ordered Defendant Masud to cease his abusive conduct towards Plaintiff.

36. Plaintiff has been in a constant state of fear and embarrassment for years, both at home and at work, due to the Defendants' actions. Plaintiff has suffered physical manifestations of stress as a result of the Defendants' abuse.

37. As a direct result of Defendants' statements and actions, Plaintiff has suffered harm, including embarrassment, mental anguish, emotional distress, and economic loss.

38. As a direct result of Defendants' statements and actions, Plaintiff has suffered harm to his good reputation as an Endodontist, as a husband and father, and as an upstanding member of his community.

### COUNT I – Defamation (Both Defendants)

39. The prior paragraphs are incorporated as if fully restated herein.

40. Defendants made defamatory statements to third parties and to the public at large.

41. These defamatory statements tend to expose the Plaintiff to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, Plaintiff.

42. The injurious character of the defamatory statements is self-evident.

43. The defamatory statements were false.

44. Defendants knew that the defamatory statements were false when they made them or the Defendants were recklessly indifferent to whether these defamatory statements were false.

45. Defendants are legally at fault for making these defamatory statements.

46. Defendants made these defamatory statements knowingly, willfully, intentionally, and with actual malice. Defendants acted with the intent of harming Plaintiff and his business.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

7

47. Defendants published these false and defamatory statements about Plaintiff and his business.

48. As a direct result of these defamatory statements, Plaintiff suffered harm.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief: (a) enter an injunction against Defendants enjoining them from making further false statements to the public regarding Plaintiff; (b) enter a monetary judgment against the Defendants, jointly and severally, in an amount of Ten Million Dollars ($10,000,000) for compensatory damages, including presumed damages; (c) enter a judgment against the Defendants for punitive damages; (d) award Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to Plaintiff that this Court deems just and appropriate.

### COUNT II – Invasion of Privacy – Unreasonable Publicity to Private Life
### (Both Defendants)

49. The prior paragraphs are incorporated as if fully restated herein.

50. Defendants publicized private facts regarding the Plaintiff and his family life.

51. These private facts were not of valid concern to the public.

52. Defendants publicized these private facts in a way which would be deemed highly offensive to a reasonable person.

53. Defendants acted with actual malice in publicizing these private facts, with the intent of harming the Plaintiff, his business, and his familial relationships.

54. Plaintiff suffered harm as a result of Defendants' actions.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief: (a) enter an injunction against Defendants enjoining them from making further false statements to the public regarding the Plaintiff; (b) enter a monetary judgment against Defendants, jointly and severally, in an amount of Ten Million Dollars ($10,000,000) for all compensatory damages, including presumed damages; (c) enter a judgment against Defendants for punitive damages; (d) award Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to Plaintiff that this Court deems just and appropriate.

### Count III – Invasion of Privacy – False Light (Both Defendants)

55. The prior paragraphs are incorporated as if fully restated herein.

56. Defendants gave publicity to a matter concerning the Plaintiff that placed the Plaintiff before the public in a false light.

57. The false light in which the Plaintiff was placed is highly offensive to a reasonable person.

58. Defendants had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff was placed.

59. Defendants acted with actual malice in placing Plaintiff in a false light, with the intent of harming Plaintiff, his business, and familial relationships.

60. Plaintiff suffered harm as a result of Defendant's actions.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief: (a) enter an injunction against Defendants enjoining them from making further false statements to the public regarding Plaintiff; (b) enter a monetary judgment against

Defendants, jointly and severally, in an amount of Ten Million Dollars ($10,000,000) for all compensatory damages, including presumed damages; (c) enter a judgment against Defendants for punitive damages; (d) award Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to Plaintiff that this Court deems just and appropriate.

### **Count IV – Intentional Infliction of Emotional Distress (Both Defendants)**

61. The prior paragraphs are incorporated as if fully restated herein.

62. Defendants' conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

63. The aforementioned conduct by Defendants was extreme and outrageous and beyond the bounds of decency in society.

64. The conduct of Defendants was malicious, willful, and intentional.

65. As a result of the aforementioned conduct and actions, Plaintiff has suffered and will continue to suffer severe and extreme emotional distress.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief: (a) enter an injunction against the Defendants enjoining them from making further false statements to the public regarding the Plaintiff; (b) enter a monetary judgment against Defendants, jointly and severally, in an amount of Ten Million Dollars ($10,000,000) for all compensatory damages; (c) enter a judgment against Defendants for punitive damages; (d) award Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to Plaintiff that this Court deems just and appropriate.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

### Count V – Tortious Interference with Prospective Advantage (Both Defendants)

66. The prior paragraphs are incorporated as if fully restated herein.

67. Defendants falsely published to Plaintiff's patients, prospective patients, and staff that Plaintiff has a mental illness and would be arrested.

68. The conduct of Defendants in communicating with the patients, prospective patients, and staff was intentional, willful, and calculated to cause damage to Defendant's lawful business. The conduct of Defendants was perpetrated with the intentional and improper purpose of causing damage and was without justifiable cause.

69. As a result of the conduct of Defendants, Plaintiff has lost patients and prospective patients, and Plaintiff's staff has been interrupted in their work duties.

70. As a result of Defendants' conduct and actions, Plaintiff's business has suffered and will continue to suffer lost profits, other consequential damages, and harm to reputation.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief: (a) enter an injunction against Defendants enjoining them from making further false statements to the public regarding the Plaintiff; (b) enter a monetary judgment against the Defendants, jointly and severally, in an amount of Ten Million Dollars ($10,000,000) for all compensatory damages; (c) enter a judgment against Defendants for punitive damages; (d) award the Plaintiff his attorney fees, court costs, and expenses; and (e) order any further relief to the Plaintiff that this Court deems just and appropriate.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

Respectfully submitted,

McCARTHY WILSON LLP


By:   */s// Paul J. Havenstein*
      Paul J. Havenstein, Esquire
      U.S. Dist. Ct. Md. No. 19878
      2200 Research Boulevard
      Suite 500
      Rockville, Maryland 20850
      (301) 762-7770
      havensteinp@mcwilson.com
      Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims raised herein.

*//s//  Paul J. Havenstein*
Paul J. Havenstein, Esquire
U.S. Dist. Ct. Md. No. 19878

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM