IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALI BEHNIA, | * | |
| Plaintiff, | * | |
| | | Civil Action No. 8:25-cv-04044-PX |
| v. | * | |
| MEHRDAD BEHNIA, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Pending in this defamation case is Defendant Mehrdad Behnia's Motion to Dismiss for lack of personal jurisdiction, improper venue, and for failure to state a claim. ECF No. 14. The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted for lack of personal jurisdiction.

### I.    Background

The suit arises out of a dispute between brothers. Plaintiff Dr. Ali Behnia ("Ali"), a respected and accomplished Maryland endodontist, acts as a fiduciary for the Behnia Family Trust (the "Trust"). ECF No. 1 ¶¶ 6–11, 14, 17. Ali's two brothers, Defendants Mehrdad ("Mehrdad") and Masud Behnia ("Masud")[1], are Trust beneficiaries. *Id.* ¶¶ 14, 17. In 2019, Masud attempted to defraud the Trust. *Id.* ¶ 15. Ali notified the Trustee about the fraud, which in turn, prompted Masud and Mehrdad to sully Ali's good name. *Id.* ¶ 18.

For example, on May 22, 2023, Mehrdad, who is himself a pulmonologist and critical care doctor, pretended he was Ali's personal physician. ECF No. 1 ¶ 22; ECF No. 1-3. Mehrdad next told staff and colleagues at Ali's office that Ali suffers from several mental disorders and refuses to take his medication. ECF No. 1 ¶ 22. *See* ECF No. 1-1. Mehrdad

---

[1] Because the parties share the same last name, the Court refers to each litigant by his first name for clarity and ease.

1

also falsely claimed that Ali had "sociopathic and paranoid delusions" with symptoms that "are hallmarks of criminals and murderers." ECF No. 1 ¶ 23. On January 28, 2025, Mehrdad sent letters and emails to the Trustee, again resurrecting false claims about Ali's mental health. *Id.* ¶ 26. On May 15, 2025, Mehrdad also posed as a "professor of medicine" in emails that he sent to members of the "Montgomery County legal community," informing them that Ali suffers from "severe bipolar disorder" for which he refuses to take his medication. *Id.* ¶ 27. When Ali had enough, he sought protective orders and issued cease-and-desist demands against both brothers. *Id.* ¶¶ 34–35; ECF Nos. 1-1 through 1-3.

On December 10, 2025, Ali sued Masud and Mehrdad for common law claims of (1) defamation; (2) invasion of privacy, unreasonable publicity; (3) invasion of privacy, false light; (4) intentional infliction of emotional distress; and (5) tortious interference with prospective advantage. Masud has not answered or responded to the Complaint. Accordingly, Clerk's entry of default issued as to him. ECF No. 18. Mehrdad now moves to dismiss the claims as to him on several grounds. Because this Court lacks personal jurisdiction over him, dismissal is warranted on this basis alone.[2]

## II. Standard of Review

A court may not hear any claim against parties for whom personal jurisdiction is lacking. *Lightfoot v. Cendant Mortg. Corp.*, 500 U.S. 82, 93–95 (2017). At the pleading stage, the court construes the complaint facts as true and most favorably to the plaintiff to determine whether the complaint makes plausible the existence of personal jurisdiction. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Hawkins v. i-TV*

---

[2] Contrary to Mehrdad's urging, the Court cannot reach the sufficiency of the claims if it lacks personal jurisdiction over him. *See Bristol-Spartanburg LLC v. Eden-Sky LLC*, No. CV AW-05-1293, 2005 WL 8174689, at *2 (D. Md. Aug. 23, 2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025)) (court cannot assume jurisdiction to reach merits because jurisdiction is "a threshold matter [that] springs from the nature and limits of judicial power of the United States and is inflexible and without exception."). *See also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (explaining that when a court lacks jurisdiction, it has "no power to adjudicate and dispose of a claim on the merits.").

*Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019).  The court may also consider evidence beyond the four corners of the complaint when necessary to ascertain whether it retains power to hale the defendant into this forum.  *Hawkins*, 935 F.3d at 226.

When personal jurisdiction is questioned, the plaintiff must prove its existence.  *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (quoting *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016)).  If "the facts present even a close question" on whether the court retains personal jurisdiction, it should dismiss the action or transfer the case.  *Dring v. Sullivan*, 423 F. Supp. 2d 540, 549 (D. Md. 2006).  Nor is a court compelled to allow discovery or hold an evidentiary hearing if, from the paper record, it may ascertain the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(2).  *Contiem v. Gullion*, Civ. No. MJM-23-2511, 2024 WL 4349689, at *3 (D. Md. 2024) (citing Wright & Miller, Fed. Prac. & Proc. § 1351 (4d Ed. 2019)).

### III.    Analysis

This Court may exercise personal jurisdiction over a defendant in two ways.  First, if the defendant is "at home" in the forum state, the Court may invoke "general" personal jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  General jurisdiction may also be established through "tag-jurisdiction," which arises where the defendant is served with process in the forum state.  *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 171 (2023) (Barrett, J., dissenting) (citing *Burnham v. Super. Ct. of California, Cnty. of Marin*, 495 U.S. 604 (1990)). Mehrdad, however, is neither domiciled or in any way "at home" in Maryland, but rather is a citizen of Massachusetts.  ECF No. 1 ¶ 3; ECF No. 14-1 at 13.  Nor was he served in Maryland. ECF No. 1-5.  Thus, no general personal jurisdiction exists.

Second, a court may retain "specific" personal jurisdiction if "(1) the exercise of jurisdiction is authorized under the state's long-arm statute pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure; and (2) the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements." *Under Armour, Inc. v. Battle Fashions, Inc.*, 294 F. Supp. 3d 428, 432 (D. Md. 2018) (citing *Carefirst of Maryland*, 334 F.3d at 390). Although satisfaction of Maryland's long arm statute also satisfies due process, *see Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory*," 283 F.3d 208, 212–13 (4th Cir. 2002), the reverse is not necessarily true, *Dring*, 423 F. Supp. 2d at 544 (citing *Krashes v. White*, 341 A.2d 798, 804 (Md. 1975)) ("Perhaps fact situations will arise which will be deemed outside the scope of the Maryland 'long arm' statute, although there may be a constitutional basis for jurisdiction over the nonresident defendant."). Thus, the Court begins with whether a plaintiff satisfies Maryland's long arm statute, for if the answer is no, then the Court need not go any further in the analysis. *See Orbita Telecom SAC v. Juvare LLC*, 606 F. Supp. 3d 240, 251 (D. Md. 2022).

The long arm statute enumerates six circumstances where a court may exercise specific personal jurisdiction over a defendant. Namely, if the defendant:

1)    Transacts any business or performs any character of work or service in the State;

2)    Contracts to supply goods, food, services, or manufactured products in the State;

3)    Causes tortious injury in the State by an act or omission in the State;

4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

5)    Has an interest in, uses, or possesses real property in the State; or

6)    Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).

4

Neither party pays particular attention to whether Ali has satisfied any such provision. *See* ECF No. 15-1 at 9–10; ECF No. 14-1 at 13–14; ECF No. 16; ECF No. 20 at 6. But as best the Court can tell, the only arguably applicable provisions are Sections 6-103(b)(3) or (b)(4). *See* ECF No. 1. The Court considers each in turn.

### A. Section 6-103(b)(3)

Although Ali stresses that jurisdiction is based on Mehrdad having "caused tortious injury in" Maryland, ECF No. 15-1 at 9 (citing Md. Code, Cts. & Jud. Proc. § 6-103), that alone is insufficient under Section 6-103(b)(3) because the provision also requires that the tortious injury result from Mehrdad's "act or omission in the State." Accordingly, some facts must make plausible that the defamatory statements originated in Maryland. *Cf. Dring*, 423 F. Supp. 2d at 540 (no jurisdiction under Section 6-103(b)(3) where defendant sent defamatory email from New Jersey); *Fidelis Cybersecurity, Inc. v. Partner One Capital, Inc.*, 771 F. Supp. 3d 614, 631–32 (D. Md. 2025) (no Section 6-103(b)(3) jurisdiction where there was no evidence that defendant sent offending communications from Maryland); *Pandit v. Pandit*, No. 8:18-CV-01136-PX, 2018 WL 5026373, at *2 (D. Md. Oct. 17, 2018) (no Section 6-103(b)(3) jurisdiction where defendant sent defamatory emails and letters from Arkansas), *aff'd,* 808 F. App'x 179 (4th Cir. 2020); *Aphena Pharma Sols.-Maryland LLC v. BioZone Laboratories, Inc.*, 912 F. Supp. 2d 309, 317 (D. Md. 2012) ("phone calls or emails" made by out-of-state defendants do not qualify as "acts in Maryland") (citing *Zinz v. Evans & Mitchell Indus.*, 324 A.2d 140, 144 (Md. Spec. App. 1974)).

When viewing the Complaint most favorably to Ali, surely the defamatory statements reached him and others in Maryland. *See* ECF No. 1 ¶¶ 22, 26–27. But nothing makes plausible that Mehrdad launched any such attacks *from* Maryland. *See id.* ¶¶ 25, 34; ECF. No. 1-1; ECF No. 1-3 (cease and desist letter sent to Florida). Because Ali fails to make even bare allegations that Mehrdad's tortious acts occurred in Maryland, Section 6-103(b)(3) does not apply.

**B. Section 6-103(b)(4)**

Nor does section 6-103(b)(4) save the day. Under this provision, personal jurisdiction exists over a defendant who engaged in "tortious activity . . . *outside* Maryland" if he also "engages in a 'persistent course of conduct' within the state." *Pandit*, 2018 WL 5026373, at *3 (emphasis added). However, "a handful of emails and letters to individuals in Maryland" are insufficient to establish a persistent course of conduct within the forum state. *Id.* (citing *Estate of Morris v. Goodwin*, No. DKC 13-3383, 2015 WL 132617, at *5 (D. Md. Jan. 8, 2015)) ("[S]ix email exchanges, multiple telephone calls, and a 'friend' request on Facebook[ ] simply does not rise to the level of persistent course of conduct to satisfy Section 6-103(b)(4)."). Rather, Section 6-103(b)(4) has been construed as one akin to a "general jurisdiction statute," requiring more routine or systematic contact with Maryland to establish jurisdiction. *Contiem*, 2024 WL 4349689, at *6 (internal citations omitted). *See also Orbita*, 606 F. Supp. 3d at 251 (holding that Section 6-103(b)(4) did not apply to defendants who did not meet the paradigm of general jurisdiction).

When construing the Complaint most favorably to Ali, Mehrdad's conduct had not been "persistent" in any sense of the word. *See* ECF No. 1; ECF No. 15-1. *See also Under Armour*, 294 F. Supp. 3d at 433. Rather, Mehrdad contacted Ali's staff on May 22, 2023, ECF No. 1 ¶ 22; he next contacted the Trustee on January 28, 2025, *id.* ¶ 26; and then the Montgomery County Legal community on May 15, 2025, *id.* ¶ 27. These discrete episodes, without more, do not bespeak a *persistent* course of conduct necessary to confer jurisdiction under Section 6-103(b)(4). *See Contiem*, 2024 WL 4349689, at *6.

In response, Ali conflates satisfying specific jurisdiction under the long arm statute with meeting due process requirements. ECF No. 15-1 at 9–10. Ali particularly relies on courts tasked with determining whether the satisfaction of long arm jurisdiction *also* comports with due process. *Id. See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 462 (1985) (Florida long

arm statute authorized personal jurisdiction over out of state defendants for certain breach of contract claims); *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984) (New Hampshire long arm statute authorized personal jurisdiction over corporations with sufficient contact with the forum); *Calder v. Jones*, 465 U.S. 783, 786 n.5 (1984) (California long arm statute authorized jurisdiction on "any basis not inconsistent with the Constitution of this state or of the United States."). But here, Ali fails to establish satisfaction of long arm jurisdiction in the first instance; thus, the due process analysis is unnecessary. *See Orbita*, 606 F. Supp. 3d at 251. *Cf. Burger King*, 471 U.S. at 487; *Keeton*, 465 U.S. at 776; *Calder*, 465 U.S. at 778.

In the end, the Court lacks personal jurisdiction over Mehrdad. Accordingly, it may "dismiss the action without prejudice so that the plaintiff may refile in the proper jurisdiction, or may transfer the case to a sister federal court." *Pandit*, 2018 WL 5026373, at *4 (citing *Dring*, 423 F. Supp. 2d at 549). The Court cannot discern what other forum would be proper for transfer. Consequently, the Court dismisses the action against Mehrdad without prejudice so Ali may refile claims against Mehrdad in the proper forum, if he chooses.

## IV.    Conclusion

For the foregoing reasons, Defendant Mehrdad Behnia's motion to dismiss for lack of personal jurisdiction, ECF No. 14, is granted. The Complaint is dismissed without prejudice as to him.

A separate Order follows.


Date: <u>July 1, 2026</u>                                    _____/s/_____
                                                            PAULA XINIS
                                                            United States District Judge